Merritt & Kempton *v.* Samuel Borden et al.

---

MERRITT & KEMPTON *v.* SAMUEL BORDEN ET AL.

(No. 7,041.)

1. The publication of a sale by a sheriff can not be legally made, until the sheriff has deposited a copy of the appraisement in the clerk's office.
2. Such a defect, after the confirmation of a sale, would not impair the purchaser's title, but before a deed is ordered to be made, the court may require all the proceedings connected with the process, levy, appraisement, publication and sale, to be in harmony with the code.
3. The officer may refuse to return a sale, if the conditions of sale are not complied with; or he may reject a bid temporarily accepted, and offer the property again for sale.

SPECIAL TERM.—On motion to confirm a sale made by the sheriff of certain real real estate.

A fifth order of sale was issued to the sheriff under date of March 9, A. D., 1859, under which an inquisition was had on March 17, fixing the valuation at $10,750. Publication, of sale to be made on April 25, began in the newspaper on March 23; a copy of the inquisition was returned and filed in the county clerk's office on March 26, and on May 7, the sheriff makes return that the property "was struck off and sold to Henry Pace, Jr. (the said Henry Pace,

Jr., now declines to pay the purchase money for said property purchased by him, although the same has been repeatedly demanded of him) for the sum of $7,200, it being more than two-thirds of the appraised value of said lot or parcel of land, and being the highest and best bidder for said premises, and the purchaser thereof."

*Fox & Fox, and S. S. Carpentvr*, for plaintiffs.

*Nicholas Headington & J. G. Douglass*, for defendants.

STORER, J.   The question submitted to the court is this: Whether the inquisition taken by the sheriff was filed with the clerk, within the time required by section 433 of the code.   It appears the advertisement for the land, was published before the inquisition was filed, and we have held in general term, that no publication can be legally made, until the sheriff has deposited a copy of the valuation in the clerk's office.   The language of the section is: "The officer receiving such return shall forthwith deposit a copy thereof with the clerk of the court from which the writ issued, and immediately advertise and sell such real estate, agreeably to the provisions of this title."

We shall adhere to the construction we then gave to the statute, having found no reason since it was announced, why it should be changed, or in any particular modified.

After the confirmation of a sale, though such a defect would not impair the purchaser's title, yet before we have ordered a deed to be made, we may very well require all the proceedings connected with the process, the levy, the appraisement, the publication, and the sale, to be in harmony with the code.   On examination of the sheriff's return, we find the purchaser made no deposit of the purchase money on the day of sale, and has refused to comply with the terms of sale.

The officer may well refuse to return a sale, if the purchaser does not comply with its conditions, or he may reject

the bid tendered, though it may have been temporarily accepted, and offer the property again for sale. If, however, he return the facts, it is the duty of the court to interfere, and protect all the parties interested, as well the sheriff as the judgment creditor.

We are not bound to confirm a sale under such circumstances, unless the creditor consents, for it can not be the intention of the law, he shall be postponed until an action shall be brought by the sheriff for the purchase money. He has the right to subject the property levied on to the payment of his debt, within the period prescribed by the code; he should not, by the refusal of the purchaser to pay, be delayed in the collection of his claim.

We ought not to sanction such a course, but in all cases require the purchase money to be in court, in the custody of our officers, before we will order the title to be changed. We can not until then make a distribution among lienholders, or marshal the rights of the parties.

The sheriff has leave to amend his return, but as we are satisfied the sale should be set aside, for the reason first indicated, it may not be necessary for him to do so.

Sale set aside.